IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DALE CHRISTOPHER DANIELS, JR.,

    Petitioner,

vs.                                            Case No. 4:14cv392-RH/CAS

PAMELA JO BONDI, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On July 16, 2014, Petitioner Dale Christopher Daniels, Jr., proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner also filed a motion for leave to proceed in forma pauperis, Doc. 2, which will be granted by separate order.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined the petition should be summarily dismissed because Petitioner has not exhausted his available state court remedies and, alternatively, because the Younger abstention doctrine applies. See Younger v. Harris, 401 U.S. 37 (1971).

## Background and Procedural History

In his § 2241 petition, Daniels, confined in the Leon County Jail, indicates he challenges a conviction, sentence, and state pretrial detention. Doc. 1 at 2. He states that he entered a guilty plea in the Second Judicial Circuit, Leon County, and was "illegally sentenced on April 7, 2014, to ten years, on the factual basis of an illegal reinstatement of such action," 2013CF1860, 2012CF595, and 2012CF2892. *Id.* He further states he did not appeal his judgment and sentence, nor has he otherwise exhausted any of the six grounds he raises. *Id.* at 3-5. In particular, Daniels raises the following grounds:

> (1) "State actor had no prosecuting power or authority to reinstat[e] the 'original indictment' and prosecut[e] under it." Doc. 1 at 3.
>
> (2) "The illegal reinstatement & capias issued on 06/06/13 held the petitioner in pretrial detention." *Id.*
>
> (3) "Move to vacate 'illegal sentence' imposed that held the petitioner in 'state pretrial' detention in violation of the Constitution" as "illegal reinstatement, capias issued, subsequent trial and illegal sentence imposed were illegal acts." *Id.* at 4.
>
> (4) "Move the court to enter an order compelling the dismissal of the instant case" as "upon State's announcement of nol pros of information, which was self-executing, the case was effectively nullified and proceeding terminated." *Id.*
>
> (5) "Heavy burden is now on the State to prove the petitioner is held 'lawfully,'" as Petitioner asserts he has "discharged the burden of pro[of] of his right to the issuance of the writ on the basis of the 'illegality.'" *Id.* at 5.
>
> (6) "Respectfully ask the court to examine the weight & sufficiency of the alleged facts" and "determine whether a prima facie showing to the court were made on the face of the proceeding and is there probable cause to believe the prisoner is held 'illegally.'" *Id.*

As relief, Petitioner Daniels asks the Court "to direct the Respondent to immediately discharge the Petitioner held in state pretrial detention." *Id.* at 6.

## Analysis

Daniels indicates in his § 2241 petition that he is both a state pretrial detainee and he has been sentenced to ten years in prison following his entry of a guilty plea. Doc. 1 at 2. To the extent he seeks to challenge his state court judgment of conviction and sentence, the proper avenue, for federal habeas purposes, is a petition for writ of habeas corpus filed pursuant to 18 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *see also, e.g.*, Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003) (explaining different federal post-conviction provisions: "Section 2254 . . . applies to a subset of those to whom § 2241(c)(3) applies – it applies to 'a person in custody <u>pursuant to the judgment of a State court</u>' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" (quoting and emphasizing portions of § 2254(a))). Relief pursuant to § 2254 may only be granted if remedies have been exhausted. *See* 28 U.S.C. § 2254(b). A petitioner has not exhausted remedies if he still has the right to raise the issue in state court. *See id.*; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. Because Daniels indicates he entered a guilty plea and was sentenced on April 14, 2014, it is apparent from the face of the petition that he has not exhausted his claims in state court.

To the extent Daniels challenges his state pretrial detention in this § 2241 habeas petition, such claims appear moot because he also indicates he has entered a guilty plea and been sentenced.  *Cf., e.g.*, Medberry, 351 F.3d at 1060 (explaining "[s]tate pretrial detention . . . might violate the Constitution or the laws or treaties of the United States" and "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only" because pre-trial detainee would not be "in custody pursuant to the judgment of a State court").  Moreover, even in the absence of a conviction and sentence, federal courts may not interfere in the normal functioning of a state's criminal processes absent the exhaustion of state court remedies.  *See* Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973) (addressing claim raised in § 2241 petition only after concluding petitioner, a state pretrial detainee, had exhausted all available state court remedies for consideration of constitutional claim).

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief."  Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004).  In Younger v. Harris, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger); *see* Hughes, 377 F.3d at 1263-64. Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would

occur; or (3) no adequate alterative state form exists in which to raise the constitutional issues.  Younger, 401 U.S. at 45-49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception applies to Daniels' § 2241 petition.  Daniels does not make a "substantial allegation" showing his state prosecution is motivated by bad faith, nor has he alleged facts to show irreparable injury would occur.  *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).  Indeed, as explained above, Daniels indicates he has now entered a guilty plea and been sentenced.  Doc. 1 at 2.  Florida state courts have adequate and effective procedures for reviewing his claims through appellate and post-conviction proceedings.  Accordingly, this Court should abstain from reaching the merits of Petitioner's § 2241 claims.  *See, e.g.*, Turner v. Morgan, No. 3:12cv188-MCR/CJK, 2012 WL 2003835 at *3 (N.D. Fla. Apr. 25, 2012) (Report and Recommendation to dismiss without prejudice § 2241 petition filed by state pretrial detainee).

## Conclusion

Daniels' § 2241 petition should be summarily dismissed as it plainly appears from the face of the petition that he has not exhausted available state court remedies.  Therefore, it is respectfully **RECOMMENDED** that the Court **DISMISS without**

**prejudice** the petition for writ of habeas corpus filed by Dale Christopher Daniels, Jr., pursuant to 28 U.S.C. § 2241 (Doc. 1).

**IN CHAMBERS** at Tallahassee, Florida, on August 18, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.