IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DALE CHRISTOPHER DANIELS, JR.,

    Petitioner,

v().                                        CASE NO. 4:14cv392-RH/CAS

PAMELA JO BONDI et al.,

    Respondents.

_____/

## ORDER OF DISMISSAL

By a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dale Christopher Daniels, Jr., challenges his state-court conviction and sentence. He also challenges his state-court pretrial detention.

The § 2241 petition is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF No. 5. After entry of the report and recommendation, Mr. Daniels filed an amended complaint. I have reviewed *de novo* the issues raised by the objections.

As the report and recommendation correctly concludes, the § 2241 petition must be dismissed. The proper vehicle for challenging a state-court conviction and

sentence is a habeas petition under 28 U.S.C. § 2254.  And before bringing a petition under either § 2254 or § 2241, a state prisoner must exhaust state-court remedies.  Mr. Daniels has not exhausted his state-court remedies.

If Mr. Daniels challenges state-court detention in an ongoing case, other than as part of his challenge to his state-court conviction and sentence, the challenge is barred by *Younger v. Harris*, 401 U.S. 37 (1971), as the report and recommendation correctly notes.  *See also Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("*Younger* itself held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution."); *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs,* 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) ("*Younger* abstention is the doctrine that federal courts should abstain from interfering with ongoing state criminal prosecutions.").  Mr. Daniels's amended complaint does not cure these deficiencies.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion.  The clerk must enter judgment stating, "The petition is dismissed."  The clerk must close the file.

SO ORDERED on September 14, 2014.

                                              s/Robert L. Hinkle
                                              United States District Judge